Kelly v. Dandurand.

Thomas M. Kelly

v.

Louis Dandurand.

*Action on Account — Evidence — Weight of — Instructions — Excessive Judgment.*

1.    Where the verdict of the jury is based upon the evidence of the two parties to a suit alone, this court will not interfere.

2. A contract foreign to the issue is not admissible in evidence, although it is alleged to be the same as the one in question.

3. It is proper to refuse an instruction which is argumentative, which invades the province of the jury, or calls attention to particular evidence.

4. This court will not reverse a judgment because it is slightly in excess of an account filed, especially on objection here first raised.

[Opinion filed May 28, 1888.]

APPEAL from the Circuit Court of Kankakee County; the Hon. ALFRED SAMPLE, Judge, presiding.

Mr. STEPHEN R. MOORE, for appellant.

Messrs. RICHARDSON BROTHERS, for appellee.

LACEY, J. This was a suit on an account for hauling saw logs, brought by appellee against appellant before a justice of the peace, and by appeal went to the Circuit Court. The suit was tried there before a jury and verdict for appellee for $96.91, and judgment on verdict. It appears from appellee's evidence that his claim originated as follows:

Appellant being the owner of some walnut timber standing in the tree on his farm, sold thirty-six trees to one Wentzelman for $100 cash, when they commenced chopping the trees, and $420 to be paid in four weeks. In March following, Wentzelman hired appellee to haul the logs at $9 per thousand from Kelly's to Mr. Beckwith's. Under this contract the appellee commenced hauling the logs, and had two hauled when appellant, not being willing to trust Wentzelman for the pay, wanted the logs hauled in his name, and the lumber to be his until he was paid, and appellant became paymaster to appellee for the hauling. That the amount hauled was 10,763, at $9 per thousand. The lumber was to be measured in the log. This evidence the appellant in his testimony entirely contradicts, and testifies that he never agreed to pay appellee for the hauling, and, in fact, he was not to pay him. Also produces evidence tending to show that after the logs were sawed the boards produced only measured 3,670 feet. We do not think that the weight of the evidence is so

Kelly v. Dandurand.

manifestly against the verdict of the jury that the judgment should be reversed for that reason. As to the contract, it was the oath of the one against the other, and the jury having found for the appellee, we are not at liberty to disturb the verdict. As to the amount of the lumber, the evidence is less satisfactory, yet we are inclined to think that the evidence on that point will sustain the verdict. The contract was, as appellee testified, that the lumber was to be measured in the log. It is possible that the appellee might have made a mistake in his measurement, and the men he had hauling the logs for him might have reported the wrong logs to him. As to appellant's measurement, there might have been some loss in sawing, causing a discrepancy between the log measurement and the board measurement, and there might have been a mistake by Wentzelman in keeping the right lumber separate and getting the right report as to what logs belonged to appellant. These were matters the jury had a right to consider and decide, and we are unable to say it did not decide correctly.

Complaint is also made that the court erred in excluding the written contract for the sale of logs between L. Brosseau and Wentzelman. It appears that appellee testified on cross-examination that the logs he hauled for Kelly he hauled under the same kind of agreement that he hauled for Brosseau under his agreement with Wentzelman, which showed that Wentzelman was to become paymaster and not Brosseau. We think the evidence was properly excluded. The contract had nothing to do with the issue. It was between other parties with which appellant had nothing to do. Neither was appellee a party to it. His contract to haul the Brosseau logs was verbal, although the contract between Brosseau and Wentzelman was in writing and might have been the same that he claimed to have with appellant. Nor was it proper by way of impeachment of appellee as a witness.

To admit such evidence would raise an issue foreign to the one being tried, that would need to be as much tried as the one under investigation. The contract did not show what the agreement of appellee with Brosseau was. There was no error in refusing the appellant's first, second and third in-

structions. The first raised a false issue. The appellee could rely on the whole evidence and was not confined to that given in by himself; and the instruction took the case from the jury. The second and third refused instructions were improper because they were argumentative and invaded the province of the jury, and called attention to particular evidence and sought to discriminate against the evidence of admissions. Such instructions have often been condemned by this court and the Supreme Court. It is insisted that the verdict and judgment is for 91 cents too much; that much in excess of the account filed. While this may be so we are of opinion that it is for too small an amount to reverse. The law will not notice trifles. It seems to have been discovered for the first time in this court and was not assigned as cause for new trial in the motion for a new trial in the court below. Had the attention of the court below been called to it, no doubt the matter would have been corrected there. The judgment of the court below is therefore affirmed.

*Judgment affirmed.*